DECISION.
{¶ 1} Appellant Robert Robinson appeals his sentence for aggravated robbery,[1] kidnapping,[2] and felonious assault.[3]
Each offense was accompanied by a firearm specification. Robinson pleaded guilty to the offenses, and seven other charges were dismissed. The trial court sentenced Robinson to the maximum term of ten years for each offense and imposed a three-year sentence for each of the specifications. It ordered all the terms to be served consecutively, resulting in a 39-year sentence.
{¶ 2} Robinson and a cohort robbed a jewelry store with a gun. They ordered the employees to lie on the floor. After collecting $150,000 in merchandise, Robinson brandished his weapon, convincing three employees to follow his directions to go into a bathroom. Upon leaving the building, he saw a police officer. He pointed the gun at the officer and fired. Fortunately, the weapon malfunctioned. Robinson returned to the jewelry store and took hold of one of the employees after breaking the lock on the bathroom door. Using the employee as a shield, Robinson got into his vehicle and began to drive. The employee jumped from the car, and another police officer attempted to block Robinson's escape. Robinson's vehicle rammed the officer's car and Robinson jumped out, pointing his gun at the officer. At that point, Robinson and his cohort were allowed to drive away. The police gave chase. Robinson's vehicle hit a telephone pole. Robinson and his cohort were apprehended, and most of the jewelry was recovered.
{¶ 3} On appeal, Robinson raises two assignments of error. He contends that the trial court failed to comply with the felony-sentencing guidelines when it imposed maximum and consecutive sentences. He also contends that the trial court erred by imposing consecutive sentences for the firearm specifications.
{¶ 4} In his second assignment, Robinson argues that the underlying felonies arose from the same transaction, and thus that the prison terms for the specifications should have been made concurrent. The state concedes this to be the case.[4] We agree and sustain the second assignment.
{¶ 5} In his first assignment, Robinson challenges the imposition of maximum sentences. Maximum sentences are allowed, in part, where a felony offender has committed the worst forms of the offense or poses the greatest likelihood of recidivism.[5] The trial court must give its reasons for selecting the maximum sentence.[6]
{¶ 6} In this case, the trial court indicated that it was imposing the maximum terms for the offenses because Robinson had committed the worst forms of the offenses and because he posed the greatest likelihood of recidivism. Concerning recidivism, the trial court indicated that Robinson was on a type of community control when he committed the offenses, that he had prior convictions, that he had unsuccessful rehabilitation attempts and a pattern of substance abuse for which he had refused treatment, and that he showed no genuine remorse. It also stated that Robinson had committed the worst forms of aggravated robbery and that the only difference between the offense and capital murder was that none of the victims had been killed. The trial court also noted that Robinson's aggravated assault was particularly blameworthy because he had tried to fire a gun at a police officer.
{¶ 7} Without determining whether Robinson's conduct constituted the worst forms of aggravated robbery, kidnapping, or felony assault, we conclude that the trial court properly sentenced Robinson to the maximum term for each offense based on the likelihood of his recidivism.
{¶ 8} Robinson also challenges the imposition of consecutive sentences. A trial court may impose consecutive sentences where it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public. It must also find one of the following: (1) when the offender committed the offenses, he was awaiting trial or sentencing or was under post-release control (Robinson was); (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[7] (Robinson had 20 criminal convictions as an adult and 10 juvenile adjudications.) If it imposes consecutive sentences, the trial court must give its reasons for doing so.[8]
{¶ 9} The record in this case demonstrates that the trial court found that consecutive sentences were necessary to protect the public and were not disproportionate to the seriousness of Robinson's conduct, and that his criminal history necessitated that the public be protected — not to mention the next police officer who tried to apprehend him. The trial court referred to the victim-impact statements and the facts of the particular offenses, as well as Robinson's criminal history to support its findings. We conclude that the trial court complied with the felony- sentencing statutes for imposing maximum and consecutive sentences. Thus, we overrule Robinson's first assignment.
{¶ 10} Accordingly, we vacate Robinson's sentence to the extent that consecutive terms were imposed for the firearm specifications and remand this case to the trial court with instructions that it make the firearm-specification sentences concurrent and then make them consecutive to the sentences imposed for the underlying offenses, resulting in a sentence of 33 years instead of 39 years. In all other respects, we affirm the judgment of the trial court.
Sentence vacated in part and cause remanded.
Sundermann, P.J., and Winkler, J., concur.
[1] R.C. 2911.01(A)(1).
[2] R.C. 2905.01(A)(2).
[3] R.C. 2903.11(A)(2).
[4] See R.C. 2929.14(D)(1)(b).
[5] R.C. 2929.14(C).
[6] R.C. 2929.19(B)(2).
[7] See R.C. 2929.14(E)(4).
[8] See R.C. 2929.19(B)(2)(c).